# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL PEARSON,

    Defendant.

No.  CR25-57-LTS-MAR

**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION**

This matter is before me on a Report and Recommendation (R&R) (Doc. 31) in which the Honorable Mark A. Roberts, United States Magistrate Judge, recommends that I grant defendant Michael Pearson's motion (Doc. 19) to suppress evidence.  The Government has filed objections (Doc. 34) and supplemental authority (Doc. 38).

## *I.     BACKGROUND*

Pearson is charged in an indictment (Doc. 3) with one count of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1); one count of enticement of minors in violation of 18 U.S.C. § 2422(b) (Count 2); one count of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) (Count 3); one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) (Count 4); one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) (Count 5); one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count 6) and one count of extortion in violation of 18 U.S.C. § 875(b) (Count 7).   He seeks the exclusion of evidence obtained from his cell phone pursuant to a search warrant.  The Government resists.  Doc. 23.

Judge Roberts held an evidentiary hearing on February 10, 2026. Doc. 24. The Government called Investigator Kyzer Moore with the Cedar Rapids Police Department (CRPD). *Id.* Judge Roberts also admitted defense exhibits A and B under seal. Doc. 19. He issued his R&R (Doc. 31) on April 14, 2026, and the Government filed its objections (Doc. 34) on April 28, 2026. There is no pending trial date as Pearson has pleaded guilty to Counts 1 and 4 pursuant to a conditional plea agreement. *See* Docs. 28, 29, 30-1, 32.

## II. THE R&R

### A. Findings of Fact

Judge Roberts made various findings of fact, to which neither party has objections. Doc. 31 at 3-14. I adopt those findings without modification and incorporate them herein.

### B. The Parties' Arguments

Pearson argues the warrant for his cell phone fails the Fourth Amendment's particularity requirement and that the warrant was so facially and obviously deficient that the *Leon*[1] good faith exception does not apply. The Government argues the search warrant satisfied the particularity requirement under Eighth Circuit precedent and, because the search warrant was exercised in good faith, the exclusionary rule should not be applied.

### C. Recommendation

Judge Roberts recommends granting Pearson's motion to suppress. After discussing the legal authorities cited by the parties, Moore's testimony and the information provided in the affidavit, he concluded that the affidavit in support of the

---

[1] *See United States v. Leon*, 468 U.S. 897, 922 (1984).

2

search warrant for Pearson's cell phone "provided sufficient facts from which the issuing judge could find probable cause to believe [Pearson]'s cell phone contained evidence relating to enticement of a minor and exploitation of a minor of the juvenile Facebook persona created by the CRPD ." Doc. 31 at 38. However, he concluded law enforcement "did not have probable cause to believe that everything on the cell phone was evidence of the crimes of enticement of a minor and exploitation of a minor, particularly as it relates to the juvenile Facebook persona created by the CRPD." *Id.* at 39. Specifically, he noted that the affidavit made no attempt to narrow the focus of the search to the data for which probable cause existed. *Id.*

Judge Roberts found that the warrant was overbroad "because it allowed the police to search for and seize broad swaths of data without probable cause to believe it constituted evidence of" enticement of a minor and exploitation of a minor. *Id.* at 40. Further, the categories of data that Moore did have probable cause to search – Pearson's Facebook account and Facebook Messenger application – were not as particular as could be reasonably expected based on the information available to law enforcement because Moore knew of (1) the limited time frame of the offense, (2) the actual communications between Pearson and the Facebook persona and (3) the application used for the communications. Judge Roberts also concluded that the *Leon* good faith exception was inapplicable because the warrant was not supported by probable cause and was facially deficient. *Id.* at 46.

### III.   STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may

3

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

### A. Government's Objections

The Government objects to the conclusion that the warrant was not sufficiently particular. It argues that because Moore referenced the crimes being investigated – "enticing a minor and sexual exploitation of a minor" – this sufficiently narrowed the scope of the warrant. The Government appears to make a distinction between what the warrant authorized to be searched and what it authorized to be seized:

4

> The search warrant did not allow officers to search for "everything on the cell phone," it did not state that "everything on the cell phone was evidence of the crimes of enticement of a minor and exploitation of a minor," and it did not "authorize[] the seizure of virtually every piece of data that could conceivably be found on the phone." Rather, like most search warrants for electronic devices, the search warrant listed broad categories of data, but it limited the search of this data to evidence relating to "Enticing a Minor and Sexual Exploitation of a Minor." This limiting language went directly to the particularity of the "items to be seized." The search warrant did not state that all of the data on the phone was related to these offenses; rather, it authorized officers to search for the data on the phone that did relate to these offenses.

Doc. 34 at 2-3. The Government argues it has not found cases in which the Eighth Circuit has imposed two separate requirements to "identify the specific offense" and to "specify the items to be seized" in relation to designated crimes. *Id*. at 3. It contends that based on *United States v. Shrum*, 59 F.4th 968 (8th Cir. 2023), the language "enticing a minor and sexual exploitation of a minor" narrowed the broader language in the warrant such that it did not allow for "general, exploratory rummaging." *Id*.

Second, the Government argues the court erred in adopting parts of the analysis from *United States v. Winn*, 79 F. Supp. 3d 904 (S.D. Ill. 2015), including analysis that it argues is not present in Eighth Circuit case law. It argues that while Pearson's communications with the Facebook persona created by the CRPD were on Facebook, this does not mean that probable cause existed only for the Facebook data on Pearson's phone. It notes that Pearson asked to exchange nude photos with that persona and he did not clearly deny that there would be child pornography on his cell phone. He also attempted to travel to meet the fake persona for sex. Additionally, the Government states that it is unaware of any Eighth Circuit cases requiring that a search warrant set forth a time frame when searching physical devices. It contends that *Winn* is inconsistent with *Shrum* in that even if the catch-all category could have been more artfully drafted and with greater particularity, all that is required is "practical accuracy," which it argues was met here.

5

Third, the Government argues that evidence should not be suppressed on grounds other than those raised in Pearson's motion, which were limited to particularity and not any challenge based on probable cause or the execution of the search warrant. The R&R found the warrant was overbroad "because it allowed the police to search for and seize broad swaths of data without probable cause to believe it constituted evidence of enticement of a minor and exploitation of a minor. Doc. 31 at 40 (quoting *Winn*, 79 F. Supp. 3d at 920). With regard to execution of the search warrant, the Government objects to the following statement in the R&R: "Inv. Moore also acknowledged that the search was not limited to data relating to enticement of a minor or exploitation of a minor or to the exploitation of the alleged juvenile." Doc. 31 at 36. The Government argues that just because the extraction of the phone gave Moore access to everything that was on the phone, and not just the evidence relevant to the crime he was investigating, this does not mean his search went beyond the listed offenses. It emphasizes that this is not unusual when it comes to cell phone extractions/searches. The Government admits that this allowed Moore to see non-pertinent data but contends that viewing non-pertinent data is different from searching for non-pertinent data.

Finally, the Government argues the good faith exception applies and the exclusionary rule should not be exercised in this case. It contends the limiting language in the search warrant was consistent with Eighth Circuit case law and that information known to Moore, but not presented to the issuing judge, supports the application of the good faith exception. It argues there was no deliberate, reckless or grossly negligent conduct that would justify application of the exclusionary rule.

### B.  *Analysis*

The Fourth Amendment provides in relevant part that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  "[A] warrant may not be issued unless probable cause is properly established and

6

the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011). A warrant's scope should not be "broader than can be justified by the probable cause upon which the warrant is based." *United States v. Galpin*, 720 F.3d 436, 445 (2d Cir. 2013). "To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." *United States v. Summage*, 481 F.3d 1075, 1079 (8th Cir. 2007) (quotation and citation omitted). Particularity is required "in the warrant, not in the supporting documents." *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). "The particularity requirement prevents officers from conducting 'a general, exploratory rummaging of a person's belongings.'" *United States v. Ivey*, 91 F.4th 915, 918 (8th Cir. 2024) (quoting *United States v. Saunders*, 957 F.2d 1488, 1491 (8th Cir. 1992)). "The requirement is one of practical accuracy rather than a hypertechnical one.'" *Id.* (quoting *United States v. Schave*, 55 F.4th 671, 675 (8th Cir. 2022)). "In assessing whether a warrant is sufficiently particular, we consider the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *Id.* There must be "an 'nexus' between the evidence to be seized and the place to be searched, considering 'the nature of the crime and the reasonable, logical likelihood of finding useful evidence.'" *United States v. Smith*, 21 F.4th 510, 515 (8th Cir. 2021) (quoting *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017)).

Judge Roberts concluded the warrant did not meet the particularity requirement because law enforcement did not have probable cause to believe that everything on the cell phone was evidence of the crimes of enticement of a minor and exploitation of a minor and the warrant did not make any attempt to narrow the focus of the search to the data for which probable cause existed. Doc. 31 at 38-40. He also concluded that the categories of data that were supported by probable cause – Pearson's Facebook account and Facebook Messenger application – were not as particular as could reasonably be expected based on the information possessed by law enforcement. *Id.* at 40-42. The

7

Government's first objection is that listing the offenses sufficiently narrowed the scope of the warrant. Judge Roberts rejected this argument, noting that the search warrant application and affidavit did not provide any basis, such as facts learned during the investigation or Moore's training and expertise, to believe that "all Call Logs, Messaging, Contacts, Images, Videos, Audio Failes, Internet usage and any other data contained within the phone's internal storage, storage accessible by the device and/or external storage devices such as subscriber identity module (SIM) and/or secure digital (SD) cards if present" were connected to the alleged offenses arising out of the Facebook persona created by the CRPD. *Id.* at 39. He also reasoned that the categories of data were not as particular as could reasonably be expected based on the information possessed by law enforcement. Because law enforcement knew the dates on which the alleged communications and criminal activity took place, as well as the actual communications between Pearson and the Facebook persona and the application used for the communications, the warrant should have been further particularized. *Id.* at 40-41.

The Government relies on *Shrum* to argue that listing the offenses is enough to narrow an otherwise broad category of evidence to be searched. In that case, the search warrant for defendant's residence authorized the seizure of "certain property" described in a list of eight categories – seven of which were specific and one which was a catch-all: "Any and all other evidence related to a sexual abuse/exploitation investigation." *Shrum*, 59 F.4th at 974. The affidavit explained that officers had found sexually explicit images of a minor victim on defendant's phone and that the intent of the warrant was to seize evidence related to those images. The court noted that the catch-all category "could have been more artfully drafted with grater particularity," but found the standard of 'practical accuracy' was met, noting that it placed a specific limitation on the search and enabled officers to identify what property was to be seized. *Id.*

*Shrum* is easily distinguishable. The search warrant at issue was not related to a cell phone, but to a residence. It involved a minor victim who was the stepdaughter of the defendant and alleged hands-on conduct. There was also no clear time frame as to

8

how long this conduct had been occurring. In other words, the knowledge possessed by investigating officers was much less than the knowledge possessed by law enforcement here. Given that courts must consider the totality of the circumstances, I do not agree with the Government that *Shrum* stands for the proposition that merely identifying the offense being investigated is sufficient to satisfy the particularity requirement in every case. The Government's first objection is overruled.

In the Government's second objection, it argues the R&R erroneously relied on part of the analysis in *Winn*, including law that is not present in the Eighth Circuit. It makes three separate arguments related to *Winn*. First, it identifies the following parts of the R&R as problematic: "In summary, the search warrant application established that law enforcement had probable cause to 'look for and seize a very small and specific subset of data' on Defendant's cell phone." Doc. 31 at 42 (quoting *Winn*, 79 F. Supp. 3d at 922). The R&R then identified this subset of data as follows:

> Moreover, the categories of data that Inv. Moore had probable cause to search – Defendant's Facebook account and Facebook Messenger application – were not as particular as could be reasonably be expected given the information law enforcement possessed.

*Id*. at 40. The Government disputes that probable cause existed only for Facebook data on Pearson's phone, noting that Pearson had "told the juvenile female that he would send her a picture of his penis if she would send a picture of her vagina." Doc. 19-2 at 11. Pearson also did not clearly deny that there would be child pornography on his cell phone. The Government argues that this evidence, in addition to Pearson's attempted enticement of a 14-year-old girl to travel to meet her for sex, established probable cause to search for depictions of child pornography on Pearson's phone in locations beyond Facebook.

The Eighth Circuit has recognized "an intuitive relationship between acts such as child molestation or enticement and possession of child pornography." *United States v. Colbert*, 605 F.3d 573, 578 (8th Cir. 2010). In *Colbert*, the defendant argued that the affidavit in support of the search warrant did not establish a link between the evidence of

9

enticement at the park and child pornography in his home. *Id.* at 577. The Eighth Circuit disagreed with other circuits holding that evidence of a defendant's tendency to sexually abuse or exploit children is irrelevant to the probable cause analysis. *Id.* It reasoned that to the extent other courts made a categorical distinction between possession of child pornography and other types of sexual exploitation of children, that distinction is in tension with common experience and the "fluid, non-technical conception of probable cause." *Id.* After noting the intuitive relationship between enticement and possession of child pornography, the court went on to reason:

> Child pornography is in many cases simply an electronic record of child molestation. Computers and internet connections have been characterized elsewhere as tools of the trade for those who sexually prey on children. For individuals seeking to obtain sexual gratification by abusing children, possession of child pornography may very well be a logical precursor to physical interaction with a child: the relative ease with which child pornography may be obtained on the internet might make it a simpler and less detectable way of satisfying pedophilic desires. Accordingly, we conclude Cobert's attempt to entice a child was a factor that the judicial officer reasonably considered in determining whether Colbert likely possessed child pornography, all the more so in light of the evidence that Colbert heightened the allure of his attempted inveiglement by telling the child that he had movies she would like to watch. That information established a direct link to Colbert's apartment and raised a fair question as to the nature of the materials to which he had referred.

*Id.* at 578 (internal citations omitted). The problem with the Government's argument is that the search warrant authorized a search only for evidence related to Enticing a Minor and Sexual Exploitation of a Minor. In *Colbert*, the search warrant application sought permission to search the defendant's residence for books, photos, videos, and other electronic media depicting "minors engaged in a prohibited sexual act or in the simulation of a prohibited sexual act. *Id.* at 575. While *Colbert* suggests that probable cause for child exploitation can at least contribute to probable cause for child pornography, the warrant application here had explicitly identified and limited its investigation to Enticing a Minor and Sexual Exploitation of a Minor. Therefore, regardless of whether there was

10

probable cause to search for child pornography, the search warrant application indicated that was not the purpose of its search.

Second, the Government argues the R&R erroneously relied on *Winn* regarding the imposition of time frame limitations. After quoting *Winn* for the proposition that the warrant should have specified the relevant time frame because the alleged criminal activity in that case took place on one specific day, and there was nothing to indicate that any previous data was connected to the suspected crime, the R&R stated:

> Significantly, the warrant should also have specified the relevant time frame. Because the CRPD controlled the Facebook persona and the communication between the persona and Defendant, Inv. Moore knew all the communications and alleged criminal activity took place between January 24, 2025 and January 28, 2025 involving the persona.

Doc. 31 at 40-41. The Government argues it is not aware of any Eighth Circuit cases setting forth a time frame requirement for the search of physical devices. It references Moore's testimony regarding the reliability or lack of usefulness of time limitations. *See* Doc. 34 at 6-7.

The R&R considered Moore's testimony regarding the potential problems of including time limitations. Doc. 31 at 40-41, n.6. Judge Roberts reasoned:

> I am unpersuaded, given the information known to Inv. Moore at the time he made the search warrant application, that Inv. Moore could not have included time limitations in the search warrant: (1) Iowa Code Chapter 808 sets forth the mechanism for applying for, issuing, and executing a search warrant under Iowa law and does not specifically address or state that search warrants for cell phones do not need time limitations; and (2) Inv. Moore knew and his affidavit affirms that all communication between Defendant and the juvenile Facebook profile created by the CRPD occurred between January 24, 2025 and January 28, 2025. Inv. Moore's generalized testimony regarding possible time discrepancies with photos in a cell phone is not helpful here. Moreover, if it were truly impossible (or at least unduly impractical) to draft a more targeted warrant, those circumstances should have been explained to the issuing judge in the warrant application.

*Id.* (internal citations omitted). There was nothing in the search warrant application or affidavit to indicate any data created prior to January 24, 2025, was connected to the suspected crime or the CRPD-controlled persona. *Id.* at 41. Because Moore knew the limited time frame of the offense, the actual communications and the application used for such communications, the search warrant was insufficiently particular by including the entirety of the data on Pearson's cell phone. *Id.*

The fact that the Eighth Circuit does not require a temporal limitation does not mean that it is never appropriate or warranted under the circumstances. The court has stated: "In assessing whether a warrant is sufficiently particular, we consider the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *Ivey*, 91 F.4th at 918. The circumstances here provided a clearly defined time frame during which the alleged offenses took place, as the CRPD had created the persona and was thus aware of all communications Pearson had with that persona. To the extent Moore intended to broaden his investigation beyond the suspected enticement of a minor and sexual exploitation of a minor, he needed to include specific factual allegations in the affidavit to justify the expanded search beyond the relevant time frame and offenses. I find no error in the R&R's analysis that based on all of the circumstances, the lack of a temporal limitation contributed to the lack of particularity in the warrant application. This analysis does not run contrary to any Eighth Circuit precedent, but applies it to the circumstances of this case.

Third, the Government takes issue with the following quotes from *Winn* that were included in the R&R:

- "a reference to a general statute certainly will not satisfy the Fourth Amendment's particularity requirement when the police could have more precisely described the evidence that they were seeking or included other limiting features." Doc. 31 at 31 (quoting *Winn*, 79 F. Supp. 3d at 921).

- "Further, the search warrant failed to limit the scope of the seizure to only that data or describe that data with as much particularity as the circumstances allowed." *Id.* (quoting *Winn*, 79 F. Supp. 3d at 922).

Again, the Government argues that a reference to the specific offenses is sufficient to narrow otherwise broad language.  It also argues that a warrant is not insufficiently particular merely because the police "could have more precisely described the evidence that they were seeking."  It notes that this is not the same thing as "a warrant need not be more specific than knowledge allows," as also quoted in the R&R from *Ivey*, 91 F.4th at 918.  The Government emphasizes that the court should consider whether the warrant meets the standard of "practical accuracy."  *See Shrum*, 59 F.4th at 974 ("The catch-all category could have been more artfully drafted with greater particularity, but the standard of 'practical accuracy' was met here.").

The Eighth Circuit has recognized that "a search warrant is sufficiently particular in its description of the items to be seized 'if it is as specific as the circumstances and nature of activity under investigation permit.'"  *United States v. Kail*, 804 F.2d 441, 445 (8th Cir. 1986) (quoting *United States v. Wuagneaux*, 683 F.2d 1343, 1349 (11th Cir. 1982)).  This is not much different than the standard expressed in *Winn*.  The bottom line is that the requirement "is flexible and may vary depending on the circumstances and the types of items involved."  *Kail*, 804 F.2d at 445 (quoting *Marvin v. United States*, 732 F.2d 669, 673 (8th Cir. 1984)).  *See also United States v. Horn*, 187 F.3d 781, 788 (8th Cir. 1999) ("The degree of specificity required will depend on the circumstances of the case and on the type of items involved.").  Here, there were clearly defined boundaries to the offenses that were either inexplicably left out of the warrant application (time period) or went far beyond them (applications used in the communications).  Even in light of the quotations from *Winn*, the R&R did not hold the Government to a burden higher than established under Eighth Circuit law based on the circumstances of this case.  The Government's arguments in its second objection are overruled.

In its third objection, the Government objects to the suppression of evidence based on any grounds not alleged in Pearson's motion to suppress, including probable cause or

13

the execution of the search warrant.  Specifically, it identifies the following statements in the R&R:

- I find that the warrant was overbroad, "because it allowed the police to search for and seize broad swaths of data without probable cause to believe it constituted evidence of" enticement of a minor and exploitation of a minor. Doc. 31 at 40 (quoting *Winn*, 79 F. Supp. 3d at 920).

- Inv. Moore also acknowledged that the search was not limited to data relating to enticement of a minor or exploitation of a minor or to the exploitation of the alleged juvenile.  Doc. 31 at 36 (internal citation omitted).

The Government argues that the full extraction of the phone does not violate the particularity requirement so long as the search is limited only to items listed under the property to be seized.  While Moore would have seen non-pertinent data, including images that were not listed under the "Property to be Seized" portion of the search warrant, the Government asserts that "[v]iewing non-pertinent data is different from searching for non-pertinent data."  Doc. 34 at 11.  In any event, it argues Pearson did not challenge probable cause or the execution of the search warrant and evidence should not be suppressed on these grounds.

The recommended suppression was not based on execution that exceeded the bounds of the search warrant.  The R&R makes clear that the recommended suppression is based on the overbreadth or non-particularity of the search warrant itself.  *See* Doc. 31 at 40 ("Thus, I find that the warrant was overbroad, 'because it allowed the police to search for and seize broad swaths of data without probable cause to believe it constituted evidence of' enticement of a minor and exploitation of a minor.").  The broad search was authorized under the warrant itself and was not the result of the execution alone.  Nor was it inappropriate for Judge Roberts to discuss probable cause as part of the explanation of why the search warrant was overbroad and non-particular, as this was an argument fairly encompassed in Pearson's motion.  *See* Doc. 19-1 at 6 ("This general warrant was issued despite the application and affidavit describing a limited event under investigation"

14

and "the application sought permission to scour the entirety of the device, despite the discrete nature of the conduct under investigation."). While Pearson did not use the words "probable cause" in these arguments, he was clearly arguing that the warrant was overbroad because it allowed for a search of items beyond the crimes under investigation (for which there was probable cause). There is no reason to reject the R&R on either of these bases.[2]

Finally, the Government objects to the R&R's conclusion that the *Leon* good faith exception does not apply. It repeats its arguments that the limiting language of the offenses in the search warrant was consistent with Eighth Circuit case law and that a lack of probable cause was not a basis on which Pearson sought suppression. It also argues that information known to Moore, but not presented to the issuing judge, supports the application of the good faith exception. The Government objects to the statement that it did not cite authority "for the proposition that a law enforcement officer's actual knowledge of information not contained in his own affidavit can support the warrant's perceived validity." Doc. 31 at 49. It now cites *Houston* as stating "[w]hen assessing the objective [reasonableness] of police officers executing a warrant, we must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *United States v. Houston*, 665 F.3d 991 (8th Cir. 2012)

---

[2] With regard to the search versus seizure distinction, the Government has not cited any authority in the Eighth Circuit or otherwise that a search warrant allowing a full extraction and search of all items on a cell phone meets the particularity requirement so long as the seizure is limited only to particularized items. The particularity requirement applies to both the search and seizure. *See* U.S. Const. amend IV (warrant must particularly describe "the place to be searched, and the persons or things to be seized"). While I can accept that a comprehensive search may be appropriate in some circumstances, the Government (like the warrant application itself) failed to articulate why it was appropriate under these circumstances as discussed in the R&R. Doc. 31 at 42-44. "There must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue." *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). Here, that nexus was lacking for multiple applications on Pearson's cell phone absent some further explanation.

15

(quoting *Proell*, 485 F.3d at 431). It notes that Moore had additional information not included in the search warrant affidavit, including that Pearson had asked the Facebook persona if she was a virgin and stated: "Cause iv [sic] chatted with alot [sic] of girls your age whi [sic] aren't and they all said it's one thing they regretted ever giving up." Doc. 19-3 at 1. The Government argues based on this additional information, Moore had good reason to believe that Pearson's communication was not the only attempt he had made to meet with a minor for sex or obtain sexually explicit depictions from a minor. The Government also cites Moore's training and experience that it is common for persons who engage in sexual communications with minors to engage in more than one such communication. Finally, it notes that Moore had asked Pearson about his message that he had chatted with a lot of girls about losing their virginity and that Pearson gave a non-confident answer before saying "no." When Moore asked if evidence of other chats with minor girls would be found on Pearson's phone, he again gave a non-confident answer: "Not that I'm aware of." Doc. 33 at 31-33. The Government relies on *Colbert* to argue that Moore could reasonably consider Pearson's attempted enticement of a minor in determining whether child pornography would also be on his phone.

The Government argues that the case law cited in the R&R does not support the suppression of evidence in this case. It dismisses those cases as either being non-precedential or based on factual distinctions including the lack of any limitations, whereas here, the search warrant was limited to evidence of Enticing a Minor and Sexual Exploitation of a Minor. Additionally, it argues that the warrant here listed the items to be seized with particularity. It contends the search warrant was not "so facially deficient" that Moore could not "reasonably presume it to be valid" and because there was no deliberate, reckless or grossly negligent conduct, the exclusionary rule should not apply.

In assessing the good faith exception, the court must "consider the totality of the circumstances, including what the officer knew but did not include in an affidavit." *Shrum*, 59 F.4th at 974 (quoting *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014)). Had Moore included the additional information that persons engaged in sexual

16

communications with minors commonly communicate with more than one minor and that Pearson had (1) messaged the undercover profile that he had chatted with a lot of girls her age about losing their virginity and (2) given non-confident answers when asked directly about these messages, his affidavit may have come closer to supporting a broader search into other applications where such communications could have been stored. However, I agree with Judge Roberts that "if [Moore] believed that such information was important and he believed there was probable cause to search for child pornography and other communications with minors on Defendant's phone, he should have included this information in his affidavit." Doc. 31 at 49.

In any event, the warrant still would have remained overbroad. While *Colbert* recognized that a defendant's "attempt to entice a child was a factor that the judicial officer reasonably could have considered in determining whether [defendant] likely possessed child pornography," *Colbert*, 605 F.3d at 578, this was merely a factor – it did not provide probable cause on its own to believe that child pornography would be found on defendant's phone. Thus, Moore's additional information is not sufficient to apply the good faith exception, particularly because it would forgive removing the probable cause determination from the judicial officer in favor of the discretion of the investigating officer.

In addition, the listing of crimes being investigated in this case was not enough to apply the good faith exception, as it was not as limiting as the Government claims. Moore acknowledged as much in his testimony:

> Q. So the search wasn't just limited to data that relates to enticing a minor or exploitation of a minor?
>
> A. The data given to me did not pertain just to those items, no.
>
> Q. And it – it didn't pertain just to evidence of the exploitation or enticement of this alleged juvenile, Felicia Young, correct?
>
> A. Correct.

17

<blockquote>
Q. And that was the crime that you referred to in your affidavit that was being investigated, right?

A. That was the driving force of the affidavit . . . .
</blockquote>

Doc. 33 at 17-18. In other words, Moore intended to gain access to essentially the entirety of the phone and then, in his discretion, find evidence pertinent to his investigation. *See id*. at 25 (in which Moore explained he "asked for the phone in its entirety so that I can go to the areas I believe are pertinent to my case" and those areas were outlined in the "Property to be Seized" part of the search warrant). As Judge Roberts explained, "a principal flaw in the affidavit arises from conflating comprehensiveness with particularity" as the warrant provided a specific and lengthy description of the data to be seized, but was, in reality, the entirety of data on the phone.

For the reasons expressed in the R&R, it was not objectively reasonable for Moore to conclude he needed to search through every piece of data on Pearson's cell phone to find evidence related to the identified crimes – particularly because law enforcement had been on the other side of any incriminating communications for a period of five days. To the extent Moore believed Pearson's criminality extended beyond the identified crimes, he should have known such information was necessary to include in the affidavit for the judicial officer to evaluate whether it provided probable cause to justify a broader search. The warrant was facially deficient by authorizing a general rummaging of Pearson's cell phone such that no reasonable officer could believe that it complied with the particularity requirement.

The purpose of the exclusionary rule is to deter police misconduct. *See Leon*, 468 U.S. at 916. Like Judge Roberts, I make no finding Moore committed any actual misconduct. However, I find it necessary to deter future reliance on a template without modification to fit the circumstances known to investigating officers. To apply the good faith exception under these circumstances would not only promote the general rummaging through a suspect's cell phone for evidence of limited and defined crimes, but would

18

weaken the particularity requirement by suggesting that law enforcement could get away with a broader search by withholding additional information that may or may not provide probable cause.  As noted above, this removes the decision from the judicial officer and places it in the discretion of the investigating officer, which is antithetical to the warrant process itself.  For these reasons, and those provided in the R&R, I agree that *Leon* does not apply and the evidence from Pearson's cell phone must be suppressed.

## V.  CONCLUSION

For the reasons set forth herein:

1.  The Government's objections (Doc. 34) to the Report and Recommendation (Doc. 31) are **overruled**;

2.  I **accept** the Report and Recommendation (Doc. 31) without modification;

3.  Pursuant to the Report and Recommendation, Pearson's motion (Doc. 19) to suppress evidence is **granted**.

**IT IS SO ORDERED** this 26th day of June, 2026.

_____
Leonard T. Strand
United States District Judge